```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/4/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

BRIAN RESTREPO,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/MONEY JUDGMENT

S1 21 Cr. 144 (LAK)

WHEREAS, on or about June 21, 2021, BRIAN RESTREPO (the "Defendant"), was charged in a two-count Superseding Information, S1 21 Cr. 144 (LAK) (the Information), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One); and possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Information and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about December 4, 2020, the Government seized $10,146 in United States currency from the Defendant (the "Seized Currency");

WHEREAS, on or about December 4, 2020, the Government seized the following property from the Defendant at the time of his arrest at Airport: (i) an iPhone X, and (ii) an iPhone 6S Plus (together, the "Seized iPhones");

WHEREAS, on or about December 7, 2020, the Government seized the following property from the Defendant's residence in Clifton, New Jersey at the time of his second arrest:

a. Smith & Wesson M&P .40 caliber pistol with the serial number HPL4867;

b. 1 round .40 caliber assorted ammunition;

c. Taurus PT840 .40 caliber pistol with the serial number SFU86870;

d. 8 rounds Speer .40 caliber ammunition;

e. Beretta USA Corp U22 Neos .22 caliber pistol with the serial number R65300;

f. 8 rounds of assorted .22 caliber ammunition;

g. 35 rounds of assorted multiple caliber ammunition;

h. 1 Beretta magazine;

i. 966 rounds of assorted multiple caliber ammunition;

j. Century Arms International RAS47 rifle with the serial number RAS47090623;

k. 28 rounds of assorted 7.62 mm caliber ammunition;

l. 1 Smith & Wesson magazine; and

m. 1 Taurus magazine,

(a. through m., collectively, with the Seized iPhones, the "Specific Property");

WHEREAS, on or about June 21, 2021, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and

agreed to forfeit, pursuant to Title 21, United States Code, Section 853, a sum of money equal to $10,146 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information, and all right, title and interest of the Defendant in the Seized iPhones;

WHEREAS, on or about September 21, 2021, a Declaration of Administrative Forfeiture was entered forfeiting the Seized Currency to the Government;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $10,146 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property used or intended to be used to facilitate the offense charged in Count One of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property and the Seized Currency; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States

Attorney, Alexander Li of counsel, and the Defendant, BRIAN RESTREPO, and his counsel, Marc A. Calello, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $10,146 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, BRIAN RESTREPO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. The Seized Currency shall be applied in full satisfaction of the Money Judgment.

5. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

6. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

7. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

8. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

10. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

11. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

12. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REEMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

13. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____   September 30, 2021
Alexander Li                                                DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2265

BRIAN RESTREPO

By: /s/ Brian Restrepo by Marc Calello   October 4, 2021
_____          DATE
Brian Restrepo

By: *Marc A. Calello*                              October 4, 2021
_____          DATE
Marc A. Calello, Esq.
Attorney for Defendant
518 Stuyvesant Avenue, Ste. 300
Lyndhurst, NJ 07071

SO ORDERED:

_____          11/4/21
HONORABLE LEWIS A. KAPLAN          DATE
UNITED STATES DISTRICT JUDGE